133 F.3d 927
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Milagros MATILLA; Matthew Anthony Matilla, a minor; Marcus
Allen Matilla, Plaintiffs-Appellants,
v.
FARMERS NEW WORLD LIFE INSURANCE COMPANY, a corporation,
Defendant-Appellee.
 No. 97-15457.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Dec. 19, 1997.
 
 Before SNEED, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Milagros, Matthew, and Marcus Matilla ("Appellants") appeal the district court's grant of summary judgment in favor of defendant Farmers New World Life Insurance Co. ("FNWL"). Appellants contend that the district court erred by holding that decedent Ignacio Matilla's misrepresentation regarding his immigration status was material and that FNWL was entitled to rescind the life insurance policy. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996), and affirm.
 
 
 3
 Under California law, Ignacio had a duty to communicate, in good faith, all of the facts within his knowledge that were, or that he believed to be, material to the contract and that FNWL did not have the means of ascertaining. See Cal. Ins.Code § 332; see also Thompson v. Occidental Life Ins. Co., 513 P.2d 353, 360 (Cal.1973). If a representation is false in a material way, the injured party is entitled to rescind the contract. See Cal. Ins.Code § 359.
 
 
 4
 California courts disagree about the appropriate standard for determining materiality. See Old Line Life Ins. Co. v. Superior Court, 281 Cal. Rptr 15, 17-18 (Cal.Ct.App.1991). One view is that materiality is established as a matter of law by the fact that the insurer required answers to specific questions in an application for insurance. See Thompson, 513 P.2d at 360. Other cases hold that misrepresentation is not grounds for rescission unless the true facts, if known, would have made the contract less desirable to the insurer. See Imperial Cal. & Indem. Co. v. Sogomonian, 243 Cal.Rptr. 639, 644 (Cal.Ct.App.1989).
 
 
 5
 We agree with the district court that FNWL has established material misrepresentation under either test. First, the application contained clearly understandable questions regarding citizenship. See Thompson, 513 P.2d at 360. Second, FNWL submitted unrebutted evidence that it would not issue a life insurance policy to an applicant who did not have a valid visa. See Imperial, 243 Cal.Rptr. at 644. To the extent appellants are claiming that FNWL waived its right to the disclosure of Ignacio's true immigration status, we reject that argument because appellants have failed to establish that FNWL had information which "distinctly implied" that Ignacio was in the United States illegally. See Old Line, 281 Cal.Rptr. at 19 ("Waiver may be found where an insurer 'neglect[s] to make inquiries as to [material] facts, where they are distinctly implied in other facts of which information is communicated."); Bagdadi, 84 F.3d at 97.
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3